MARTIN v. STATE.   (No. 3950.)

(Court of Criminal Appeals of. Texas.   Feb. 9, 1916.)

CRIMINAL LAW ⬅═⬗1159—CONVICTION—CON-CLUSIVENESS.

Where the evidence for the state, which was apparently believed, was sufficient to sustain a conviction, and that for the defendant, if believed, would have been sufficient to have secured his acquittal, the sufficiency of the evidence was solely for the jury, and a conviction could not be disturbed on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3074–3083; Dec. Dig. ⬅═⬗ 1159.]

Appeal from Fayette County Court; George Willrich, Judge.

J. M. Martin was convicted of aggravated assault, and he appeals.   Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J.   This is an appeal from a conviction for aggravated assault, with only a fine of $25 assessed.

There is no bill of exceptions and no complaint of the charge of the court.   The sole question is whether or not the evidence is sufficient to sustain the conviction.   The testimony of the state's side, which was evidently believed, was amply sufficient to sustain the conviction.   That of the appellant's side, if the jury had believed it, would have been sufficient to have secured his acquittal.   That question, however, was solely for the jury. We cannot disturb their verdict.

The judgment is affirmed.

---

CROCKETT v. STATE.   (No. 3947.)

(Court of Criminal Appeals of Texas.   Feb. 9, 1916.)

CRIMINAL LAW ⬅═⬗1090—APPEAL AND ERROR —QUESTIONS REVIEWABLE.

On appeal from conviction of crime, where there is no bill of exceptions, and no complaint is made to the charge of the court, the only question presented is whether or not the evidence is sufficient to sustain the conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. ⬅═⬗1090.]

Appeal from District Court, Sabine County; A. E. Davis, Judge.

Wilson Crockett was convicted of manslaughter, and he appeals.   Affirmed.

J. W. Minton, of Hemphill, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J.   Appellant was convicted of manslaughter, and assessed the lowest punishment. ·

The sole question is whether or not the evidence was sufficient to sustain the conviction.   There is no bill of exceptions, and no complaint to the charge of the court.

We have carefully read the testimony more than once, and think it clear that the evidence was sufficient to sustain the verdict. We can see no necessity for detailing the testimony.

The judgment is affirmed.

---

HOLT v. STATE.   (No. 3948.)

(Court of Criminal Appeals of Texas.   Feb. 9, 1916.)

CRIMINAL LAW ⬅═⬗1124—APPEAL—REVIEW— STATEMENT OF FACTS.

Where no statement of the evidence on the trial accompanies the record, and no bill of exceptions is contained therein, there is nothing in the motion for a new trial which the Court of Criminal Appeals can review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2939, 2946–2948; Dec. Dig. ⬅═⬗1124.]

Appeal from District Court, Sabine County; A. E. Davis, Judge.

B. N. Holt was convicted of burglary, and he appeals.   Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

HARPER, J.   Appellant was convicted of burglary, and his punishment assessed at two years' confinement in the state penitentiary.

No statement of the evidence introduced on the trial of the case accompanies the record; neither does the record contain any bill of exceptions.   Under such circumstances, there is nothing presented in the motion for a new trial we can review.

The judgment is affirmed.

---

Ex parte CASTORENA.   (No. 3925.)

(Court of Criminal Appeals of Texas.   Feb. 9, 1916.)

BAIL ⬅═⬗53—HABEAS CORPUS ⬅═⬗102—APPLI-CATION FOR DISCHARGE—AUTHORITY.

Upon an application for discharge from an order binding him over to await the action of the grand jury, the Court of Criminal Appeals looks to see if there is testimony tending to connect defendant with the commission of the offense, and where the crime of robbery and murder was established and the accomplice testimony related only to defendant's connection therewith, and when the bail bond was fixed at only $1,000, the Court of Criminal Appeals would not discharge, or reduce the amount.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 211; Dec. Dig. ⬅═⬗53; Habeas Corpus, Cent. Dig. §§ 87–89; Dec. Dig. ⬅═⬗102.]

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Application by Martin Castorena for his discharge from an order binding him over to await the action of the grand jury, or to have his bail reduced.   From the order denying the application, petitioner appeals.   Affirmed.

---

⬅═⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes